**Vincent SMIRZ, et al., Plaintiffs,**

v.

**FRED C. GLOECKNER & COMPANY, Defendant and Third–Party Plaintiff,**

v.

**BIO–ENERGY SYSTEMS, CO., et al., Third–Party Defendants,**

v.

**SAUNIER–DUVAL EAU CHAUDE/ CHAUFFAGE, S.A., Fourth– Party Defendant.**

**Civ. No. 88–0274–B.**

United States District Court, D. Maine.

March 17, 1990.

Earle S. Tyler, Jr., Milbridge, Me., for plaintiffs.

Christopher M. Kennedy and Sidney St. F. Thaxter, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, Me., for defendant and third-party plaintiff.

Stephen C. Whiting, Hewes, Douglas, Whiting & Quinn, Portland, Me., for third-party defendants.

Glenn H. Robinson, Hunt, Thompson & Bowie, Portland, Me., for fourth-party defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING THIRD–PARTY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

Third–Party Defendants filed a Motion for Partial Summary Judgment claiming that there exists no issue of material fact concerning Third–Party Plaintiff's allegation that Third–Party Defendants' employee negligently repaired a greenhouse heating system sold by Third–Party Defendants to Third–Party Plaintiff. Because the Court finds that there exists issues of material fact concerning the allegation of negligent repair, the Court will deny Third–Party Defendants' motion.

For the purposes of Third–Party Defendants' motion, the uncontroverted facts of the case may be summarized as follows. In 1985, Plaintiffs, Maine residents, purchased a commercial greenhouse and greenhouse heating system from Third–Party Plaintiff. Third–Party Plaintiff contracted with Third–Party Defendants (here-

in referred to collectively as Bio–Energy) to supply Plaintiff with a customized heating system. Pursuant to the contract, Bio–Energy designed a heating system and shipped it to Maine.

In the fall of 1986, Plaintiffs complained that the heating system was not working. George Peteya, a Bio–Energy employee, went to Maine to fix the system. The system did not substantially improve and Mr. Peteya went to see Plaintiffs again in December of 1986. A new heating system was installed in the spring of 1987. Plaintiffs filed suit against Third–Party Plaintiff seeking compensation for loss of business income, including, *inter alia*, compensation for the loss of the crops planted prior to Mr. Peteya's first visit and after his second visit, and lost profits for crops they ordered but could not plant in the spring of 1987. Third–Party Plaintiff subsequently filed a third-party claim for indemnification against Bio–Energy.

At issue is Count VI of Third–Party Plaintiff's complaint. Count VI alleges, *inter alia*, that Bio–Energy negligently "failed to identify or correct alleged faults in the heating system within a reasonable time and gave erroneous advice with respect to correcting any alleged faults in the heating system." Third–Party Complaint at 8. Bio–Energy claims that there exists no issue of material fact satisfying the requirement that its alleged negligence proximately caused Plaintiffs' claimed damages. Bio–Energy argues that the undisputed facts indicate that the first crop was doomed prior to Mr. Peteya's first visit; that Mr. Peteya did not make repairs on his second visit; and that there is no evidence Mr. Peteya did anything negligent. Furthermore, Bio–Energy maintains that there is no evidence that Mr. Peteya did anything on his second visit that either caused damage to the second crop or effected Plaintiffs' ability to plant crops ordered for the spring.

## Discussion

A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The party moving for summary judgment must manifest "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In determining if this burden is met, the Court must view the facts in the light most favorable to the nonmoving party, "indulging all inferences favorable to that party." *Ismert and Associates, Inc. v. New England Mutual Life Insurance Company,* 801 F.2d 536 (1st Cir.1986). Furthermore, it is uncommon for a court to grant a motion for summary judgment in a suit based on a claim of negligence. C. Wright & A. Miller, *Federal Practice and Procedure* § 2729.

Bio–Energy asserts that there is an absence of evidence indicating that Mr. Peteya's actions proximately caused Plaintiffs' damages, and that, therefore, Bio–Energy is entitled to judgment as a matter of law. Indeed, Third–Party Plaintiff must make a showing of proximate cause in order to maintain an action for negligence. *Adams v. Buffalo Forge Company,* 443 A.2d 932, 938 (Me.1982). The Court finds, however, that Bio–Energy is not entitled to a judgment as a matter of law because the record presented raises many issues of genuine fact.

For example, Bio–Energy states that there is no evidence indicating that Mr. Peteya negligently repaired the heating system on his second visit. However, Third–Party Plaintiff's complaint alleges that Bio–Energy negligently failed to *identify* and *correct* the alleged faults within a reasonable time. Thus, even if the Court assumed that Mr. Peteya did not improperly fix the system on his second visit, the fact that after both visits the system allegedly did not work creates the inference that Mr. Peteya may have negligently failed to

identify and correct the problem.[1] Mr. Peteya's alleged failures, resulting in an inoperative greenhouse, would have therefore, at the least, proximately caused Plaintiffs' inability to plant the crops in the spring of 1987 that they had purchased.

In addition, the record contains numerous disputed facts that impact on the existence of proximate cause. For example, Plaintiff's deposition supports both the proposition that the first crop was doomed prior to Mr. Peteya's visit, and the inference that if Mr. Peteya had fixed the system immediately, Plaintiff could have saved the value of part of the crop. Smirz Deposition at 32–33, 88–90; 36, 91. In sum, Bio–Energy has not shown an absence of evidence in support of Third–Party Plaintiff's case and, therefore, is not entitled to judgment as a matter of law.

Accordingly, it is ORDERED that Third–Party Defendants' Motion for Partial Summary Judgment be, and it is hereby, DENIED.

See also 732 F.Supp. 1203.

---

**1.** This inference is buoyed by the evidence that Mr. Peteya told Plaintiff that he had no experience with greenhouse heating systems. Smirz Deposition at 31.